H. J. Margolis, Appellant, v. Uptown National Bank of Chicago et al., Defendants. Uptown National Bank of Chicago, Appellee.

Gen. No. 43,013.

Opinion filed September 11, 1944. Rehearing denied September 25, 1944.

RATNER, MILLER & LEVENSON, of Chicago, for appellant; DAVID J. RATNER and GEORGE J. MILLER, both of Chicago, of counsel.

ERNEST A. EKLUND, of Chicago, for appellee; JOHN N. THORNBURN, of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from a judgment against him and in favor of the defendant Uptown National Bank of Chicago, a national banking corporation, entered upon its motion to strike plaintiff's second amended complaint for the recovery of commissions due plaintiff as a real estate broker in the sale of certain real estate.

The second amended complaint alleged that defendant bank was the owner of a substantial portion of the beneficial interests in each of various trusts (commonly called liquidating trusts) owning a parcel of improved real estate; each trust had been formed for the purpose of reorganizing the issue of mortgage bonds secured by a trust deed on the parcel of real estate held by the trust; the bank had acquired its portion of the beneficial interests in each trust in exchange for defaulted bonds theretofore held as assets of the bank; each reorganization had been carried out under the direction and control of the bank and, while in each case certain individual trustees were named and title to the particular real estate involved was taken in the names of the trustees, the bank actually kept and maintained the records and books of the trust, supervised and otherwise controlled or participated in the administration of the trusts; the president of the bank was and is one of the trustees in each trust, and the other trustees in each case were nominated or designated either directly or indirectly by the bank or by its officers, directors or employees; the defendant Ernest C. Dose, not involved in this appeal, was and is a vice president of the bank; his duties as such officer included, among other things, the administration of the trusts and the liquidation thereof, and the liquidation of the beneficial interests held by the bank in each trust; on or about January 2, 1941 the defendant Dose submitted to plaintiff a list of the various parcels of real estate owned by the liquidating trusts in which the bank had an interest and agreed on behalf of the bank to pay plaintiff full brokerage commission if he procured a purchaser for any of said parcels; thereafter plaintiff presented to defendant as a prospective purchaser Lena B. Nelson, who, after examining several of the properties in the presence and with the co-operation of Dose, purchased the Teich Apartments held by one of the trusts at a price of $48,500; that the bank owned 213 units of the 715 beneficial interests in the trust

then outstanding. Judgment for $2,425—five per cent of the purchase price, was asked.

The defendant bank moved to strike the complaint upon the ground that the contract was ultra vires its powers as a national bank, a violation of section (paragraph) 64 of chapter 38 (Criminal Code) of the Illinois Revised Statutes of 1941 [Jones Ill. Stats. Ann. 10.53], and against public policy. Plaintiff contends that since the bank had a substantial interest in the trust which held the real estate in question and in the prospective proceeds and avails in the liquidation thereof, it had authority under the incidental powers granted the national banks by the federal code to make the agreement.

The complaint shows that the bank, as the holder of a substantial interest in each of the trusts, had assumed the direction and administration of each trust, including the sale of the respective properties held by the trusts. The interest of the bank was acquired in the regular course of business and it was therefore empowered to take all reasonable steps to liquidate this interest. In the present case, sale of the properties held by the respective trusts was not only a customary but a necessary means in reducing the bank's interests in the various trusts to cash. Others were interested in each of the properties, but this did not preclude the bank from acting on behalf of all, if such action was deemed necessary or advisable for the preservation of the bank's interests. *Wylie v. Northampton Bank,* 119 U. S. 361; *Morris v. Third Nat. Bank of Springfield,* 142 Fed. 25. The case of *Dolan v. Morensky,* 294 Ill. App. 615 (Abst.), decided by this court, involved the questions raised by the defendant bank's motion in this case in an analogous situation. There the West Side Trust & Savings Bank held defaulted mortgage bonds secured by various trust deeds; bondholders' protective committees were organized for the protection of the interests of the holders of bonds under each issue; officers or employees of the bank were on each com-

mittee; the bank contracted that certain items of expense, including fees and expenses of agents, appraisers and attorneys in connection with the sale, foreclosure or other liquidation of the bond issue should be ''paid or provided for'' by the bank; in a proceeding involving the agreements creating the committees and defining their powers and duties, objections similar to those raised by defendant bank were made against the foregoing provision; each objection was overruled, and the court said: ''In the instant case the bank was the owner of a large portion of the bonds secured by these trust deeds. It was vitally important (default having been made in payment thereof) that these bondholders should act together for the conservation of their interests. If that object could not be attained, then dissipation of these assets was almost a certainty. It was not *ultra vires* the powers of the Bank to make any reasonable agreement looking toward the protection and preservation of its property. Zollman, Banks and Banking, vol. 1, p. 153, sec. 197. The distinction between the obligations here incurred and those assumed in the *Knass* case is vital and controlling. The suit there was in substance one for the specific performance of a particular contract which was held to be illegal and void as against public policy. This contract on the contrary is not illegal, is not contrary to any public policy and is not immoral. There are well defined limits to the doctrine of *ultra vires* which must be kept in mind if justice is to prevail, otherwise the application of the doctrine might become a license for commercial piracy.''

The judgment is reversed and the cause remanded with directions to overrule and deny the motion of the defendant bank.

*Judgment reversed and cause remanded with directions.*

MATCHETT and O'CONNOR, JJ., concur.